I would base the affirmance of the trial court's order granting a motion to dismiss as to the Defendants Wiltsie and Baptist Medical Center purely on the absolute immunity provisions of the Child Abuse Reporting Act, and not on the failure of the pleadings to state a claim. See Whelehan v. County of Monroe,558 F. Supp. 1093 (W.D.N.Y. 1983).
Apart from the immunity defense, these Defendants would not be entitled to prevail on their respective motions to dismiss. At worst, the complaint is amendable or subject to a motion for a more definite statement. I agree with the majority, however, that the statement of the claim, though grounded in part on medical malfeasance, claims damages flowing solely from the reporting of suspected child abuse. The doctor and the hospital are absolutely immune from liability for these damages. This is not to say that under all circumstances a health care provider may excuse professional malpractice simply by complying with the reporting provisions of the Child Abuse Reporting Act. The majority's holding with respect to Officer Meads illustrates this point. But this is not such a case.
I concur in the opinion's holding that the trial court properly dismissed the claim against the City; certainly, Jackson v. Cityof Florence, 294 Ala. 592, 320 So.2d 68 (1975), did not alter the requisite notice of claim against a municipality pursuant to Code 1975, § 11-47-23. But, as the opinion points out, this requirement is not applicable to a claim against a police officer.
One further observation: It is undisputed, for purposes of these proceedings, that *Page 1216 
this 8-day old baby had not been abused. The mother, acting responsibly, sought medical attention for her baby's abdominal skin rash, common in newborns. The doctor on duty at the hospital, though undoubtedly acting in good faith, misdiagnosed the condition and reported what he observed as suspected child abuse. There is no way to adequately describe what happened to this young mother during the five hours that followed, including a forced separation from her ailing and untreated child and culminating in a desperate false confession of child abuse in order to return to her child. The fact that the mother then took the baby to another doctor who treated and cured the skin malady was verified by the Department of Pensions and Security.
I do not question the legitimate interests of the Department of Pensions and Security (appearing through the Attorney General in support of Defendants' positions); and I readily accept the proposition that overriding policy considerations support the application of the absolute immunity provisions of the Child Abuse Reporting Act as to the doctor and the hospital in the instant case. It is curious to me, however, that such concern is so narrowly focused as to treat with total indifference the plight of this innocent 17-year-old mother — the only "child"abused in this case.